### SECUNDINO RIVAS V. THE STATE.

No. 9849.   Delivered February 24, 1926.

Rehearing denied April 7, 1926.

**1.—Sale of Intoxicating Liquor—Evidence—Of Sale—No Variance.**

Where, on a trial for the sale of intoxicating liquor, it is shown that one Lujan went to appellant's house and called him out and asked him if he would sell him some whiskey, appellant replying that he would and that the price was five dollars, witness Lujan then turned to one Molino and requested five dollars of him, which Molino gave him, and he, Lujan, then gave the money to appellant, who afterward told Lujan where the whiskey could be, and was found, there was no variance between this proof, and the allegation that the sale was made to Lujan. Following Kennard v. State, 64 Tex. Crim. Rep. 7 and other cases cited.

**2.—Same—Evidence—Of Search and Seizure—Immaterial.**

Where a second count in the indictment charges possession of intoxicating liquor, and evidence of a search and the finding of whiskey on appellant's premises, without a search warrant, is admitted such evidence becomes immaterial when the case is submitted to the jury only on the first count, charging a sale.

ON REHEARING.

**3.—Same—Evidence—Held Sufficient.**

Where, on a trial for the sale of. intoxicating liquor to one Lujan on April 1st, 1925, the evidence is uncontradicted that such sale was made, and the lowest penalty was assessed by the jury, the fact that evidence was admitted on the trial of a search of appellant's house and the finding of whiskey on the premises on April 2nd, 1925, could not have been in any way prejudicial to appellant, and his motion for rehearing is overruled.

Appeal from the District Court of Presidio County. Tried below before the Hon. C. R. Sutton, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Mead & Metcalf* of Marfa, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Presidio County for selling intoxicating liquor, and his punishment assessed at one year in the penitentiary.

There are four counts in the indictment. The first charges appellant with the sale of intoxicating liquors to Chico Lujan; the second charges the sale by appellant to said Lujan, of spirituous, vinous and malt liquors in excess of one per cent of alcohol by volume; the third and fourth charge the appellant with the possession for the purpose of sale, intoxicating liquors. The verdict of the jury was returned on the first count.

Briefly stated, the evidence discloses that said Lujan and one Molino were attending a dance, and Molino asked Lujan if he knew where he could get a drink, and they both left the dance and went to the home of the appellant, Rivas, and Lujan called Rivas out and asked him if he, Rivas, had a drink for sale, to which he replied he did, and that the price was $5.00 per bottle; that Lujan called to Molino to give him the $5.00 to buy the bottle, and that he, Lujan, paid the $5 over to the appellant. Appellant informed him that he would let him know in a few minutes where to find the whiskey if he would meet him around at a certain restaurant. At the appointed time and place, the appellant informed said witness that the bottle was down at the corral, at which place Lujan and Molino found same. The witness Lujan for the State testified that when he called Rivas out to inquire about buying the whiskey, Molino was standing about ten or twelve feet distant, and appellant asked him who Molino was, and that he told him who he was and that he was a good boy, it was all right to let him have whiskey and he would not report it. This witness further testified that he had no interest in the whiskey and was only securing same for Molino, who delivered the money to him, and he in turn delivered it to appellant, and all he got out of said transaction was a drink of the said whiskey. Molino for the State testified, and in a measure contradicted Lujan in stating that he did not see Rivas when Lujan called him out, but that the whiskey was at the corral later on, but he told Lujan in his, Molino's, absence; but said witness did testify that it was with his money that the whiskey was purchased.

The record further discloses that Molino was seen by an officer hiding some whiskey, and upon being interrogated as to how he obtained same, gave the officer information concerning the transaction, and the next morning the officers, without a search warrant, raided the house of Rivas, or the two rooms occupied by him, and found whiskey in an adjoining room, which the appellant contended was vacant. The appellant failed to take the witness stand in his own behalf, and in the trial of this case, through his attorneys, raised many questions involving practically only two issues. The first issue is that under the indictment charging the sale from appellant to Lujan, that the evidence showed a sale not to Lujan, but to Molino, and therefore there was a variance between the allegations and the proof. It is contended by the appellant on the second issue that the trial court erred in permitting the State's witnesses to testify to finding whiskey in said vacant room adjoining a room occupied by him; because the search and seizure law passed by the 39th Legislature was then in effect, having become effective since the alleged search and seizure in question, and on account of said officers having no proper search warrant, that said testimony was inadmissible. In view of the jury finding the appellant guilty under the first count charging a sale which occurred on the night before the said raid, the contention made by the appellant as to the search and seizure passes out of this case, and it is unnecessary for us to discuss same. On the first issue raised by the appellant as to the alleged variance between the allegation and the proof, we are unable to agree with this contention, that the facts as developed showed a sale to Molino and not to Lujan, and are of the opinion that the trial court committed no error in overruling such contention. The evidence clearly shows that said Lujan was the moving actor in purchasing and obtaining said whiskey, and we think under the former decisions of this court the evidence clearly shows a sale to Lujan and not to Molino. Kennard v. State, 64 Tex. Crim. Rep. 7; Whitstone v. State, 64 Tex. Crim. Rep. 168; Ellington v. State, 86 S. W. 330; Branch's Ann. P. C. Sec. 1236, p. 699.

After a careful examination of the entire record, and finding no errors therein, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals, and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The evidence of Chico Lujan is uncontradicted to the point that appellant, on the night of April 1, 1925, sold to Lujan a bottle of intoxicating liquor. It appears that on the following day, April 2nd, a search of the appellant's premises was made and upon the premises which the officers claimed to have been under the control of the appellant there was found some whiskey. In the indictment appellant was charged in separate counts with the sale of intoxicating liquor and with the possession of intoxicating liquor for the purpose of sale. The officers who made the search claimed in their testimony that it was made with the consent of the appellant. The fact that the sale was made on the previous night is not controverted. Appellant offered no testimony; the State's witnesses were not impeached. The lowest penalty allowed by law was assessed against the appellant. It is difficult under the record to understand how any verdict more favorable to the appellant could have resulted in view of the testimony, which showed without controversy that he had unlawfully sold intoxicating liquor on the night of April 1st. The testimony as to the search of his premises on the subsequent day and the finding of intoxicating liquor there was received by the court in support of the count in the indictment charging the possession of intoxicating liquor for the purpose of sale. That count, however, was eliminated by the verdict of the jury, which found the appellant guilty of the unlawful sale. If there was any conflict in the evidence touching the sale, or the verdict was beyond the minimum, we would feel obliged to pass upon the law with reference to the search of the premises as applied to the facts. However, being unable to perceive any manner in which that testimony could have been injurious to the appellant under the present record, or could have contributed to the verdict which was assessed against him, we are constrained to adhere to our ruling upon the original hearing, without discussing the question raised with reference to the admissibility of the testimony of the officers touching the search of the premises and the result thereof. Any remarks which might be made on that subject would be unauthorized, as not necessary to the determination of the merits of the appeal.

The motion is overruled.

*Overruled.*